UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOSEPH SIMMONS, Jr., <br><br> Petitioner, <br><br> v. <br><br> SCOTT KERNAN, <br><br> Respondent. | No. 2:17-cv-2276-EFB P <br><br><br> ORDER |

Petitioner, a state prisoner proceeding pro se on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, has filed an application to proceed in forma pauperis. ECF No. 4. For the reasons stated hereafter, the petition must be dismissed with leave to amend and the application to proceed in forma pauperis will be denied.

### Application to Proceed In Forma Pauperis

The court has reviewed petitioner's application and finds that he has sufficient funds to pay the five dollar filing fee for a federal habeas action. The Ninth Circuit has held that "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an in forma pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir.1984) (*citing Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir.1963)). The court has broad discretion to grant or deny an application to proceed in forma pauperis. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir.1990). Here, petitioner's application

1

indicates that, as of November 16, 2017, his inmate account had a balance of $1560.74. ECF No. 4 at 2. Thus, the court concludes that he can afford the five dollar fee and his application will be denied on this basis.

## Screening

A habeas petition is appropriately filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. A petition must be dismissed if, on initial review, the court finds that "it plainly appears . . . that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Proceedings.

An application for federal habeas relief must specify all grounds for relief, state facts supporting each ground, and state the relief requested. Rule 2, Rules Governing § 2254 Proceedings. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of [each] claim showing that the pleader is entitled to relief" and "a demand for the relief sought." While the court must liberally construe the allegations of a prisoner proceeding without counsel (*see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006)), the court cannot grant relief based on conclusory allegations unsupported by specific facts. *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

Petitioner's claims are largely incomprehensible. His petition, though typed, is dense and does not appear to adhere to any organizational structure. In his first ground for relief petitioner states that the writ supersedes "a void judgment creditor's power to levy execution." ECF No. 1 at 5. The supporting facts for this claim are a collection of non-sequiturs. Petitioner states that he is bringing this claim to "[m]ake void the badge of slavery and involuntary bailment." *Id*. He references "a private right of action to enforce a real right that is connected with Melvin Joseph Simmons," a "presumption of a child without parents the direct an (sic) primary care that gave

/////

2

rise to the injuries," and the English "right of notice of the charges." *Id.* It is entirely unclear what the basis for this claim is or how it relates to petitioner's custody.

Petitioner's other claims fare no better. He references, *inter alia*, : (1) "[a] private spirtuel (sic) person deprived of liberty by fraud in the factum Los Angeles County Super. Ct. . . . ."; (2) his possession of "[l]and wrongfully taken by de facto segregation"; (3) that he is suffering "[c]ontinuing general irreparable moratory incidental foreseeable reliance"; (4) that he has been subjected to a "civil death sentence on a living person without a trial by special legislative acts"; and (5) "copyright infringement upon petitioner's intellectual property by fraudulent joinder which constitute fraud upon the court." *Id.* at 5-11.

Rule 8, Fed. R. Civ. P., requires the pleader to set forth his averments in a simple, concise, and direct manner. *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). Further, Rule 2 of the Rules Governing § 2254 Cases in the U.S. District Courts requires habeas petitioners to "specify all the grounds of relief available" and "state the facts supporting each ground." *See Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) (noting that Rule 2(c) demands that habeas petitioner's plead their claims with particularity so that district courts can determine whether the state should be ordered to show cause why the writ should not be granted or whether the petition should be summarily dismissed without ordering a responsive pleading). The current petition does not comply with these requirements and will be dismissed with leave to amend. If petitioner elects to amend he must file a petition which is comprehensible and which states his claims simply.

Conclusion

Based on the foregoing, it is ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 4) is DENIED;

2. Petitioner shall submit the five dollar filing fee within thirty days of the date this order is filed;

3. The petition is DISMISSED with leave to amend;

/////

/////

4. Within thirty days of this order's entry petitioner may submit an amended petition which remedies the deficiencies identified in this order;

5. Failure to comply with this order may result in dismissal of the case; and

6. The Clerk of Court is directed to send petitioner the Petition for a Writ of Habeas Corpus form used in this court.

DATED: October 4, 2018.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE